# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GEORGIA CANDILAPTIS,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-145-Orl-28DAB**

**OCWEN LOAN SERVICING, LLC,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration of the parties' Stipulation of Voluntary Dismissal with Prejudice. Doc. No. 21. The Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on August 2, 2007 with counsel for both parties attending by telephone.

Based on the representations of counsel, Plaintiff was employed by Defendant as a loan resolution consultant, working in the forbearance and foreclosure department. The extent of Plaintiff's exempt status in was much disputed by both sides, with Plaintiff originally seeking approximately $12,124 for alleged overtime worked and unpaid wages. Defendant raised an affirmative defense that no liquidate damages would be due because Defendant relied on a previous Department of Labor investigative finding confirming the exempt status of Plaintiff's position. *See* Doc. No. 24 at 2. Following discovery including the payroll records/time sheets, Plaintiff calculated potential overtime due of $7,309. The settlement to Plaintiff of $3,600 in unpaid wages and liquidated damages represents approximately half of the hotly-disputed principal amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,400 in attorney's fees and $500 in costs (for filing and service fees). Plaintiff's counsel litigated the case on behalf of Plaintiff from January to July 2007, accruing roughly 30.5 hours in the process, or at an average hourly rate of $110 hour. Doc. No. 24. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amount of $3,600 to Plaintiff for unpaid wages and liquidated damages, and $3,900 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 2, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy